# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0890** (Braxton County 15-F-42)

**Jeffery A.,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeffery A.[1], by counsel Kevin W. Hugart, appeals the Circuit Court of Braxton County's September 14, 2016, order sentencing him to a term of incarceration of ten to twenty years for his conviction of one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The State, by counsel Gordon L. Mowen II, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing him to an indeterminate sentence instead of imposing an alternative sentence and that his sentence is unconstitutionally disproportionate to the offense for which he was convicted.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Between June of 2010 and December of 2014, petitioner engaged in multiple instances of sexual contact with R.F., an eleven-year-old child he provided care for as a babysitter. These instances of sexual contact included touching R.F.'s vagina and breasts and forcing R.F. to touch his penis, and perform oral sex upon him. Following R.F's disclosure of this abuse to a school counselor, petitioner was indicted on four counts of first-degree sexual assault, three counts of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

first-degree sexual abuse, and ten counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, during the October of 2015 term of court.

In March of 2016, petitioner entered into a plea agreement whereby he agreed to plead guilty to one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust, in exchange for the dismissal of all other counts. However, the State reserved its right to argue for incarceration at the sentencing hearing and the parties agreed that sentencing would be left to the circuit court's discretion at the later sentencing hearing. The circuit court found that petitioner's plea and related waiver of his right to a trial was made knowingly, intelligently, and voluntarily. Petitioner's sentencing was deferred pending a sex offender evaluation and pre-sentence investigation report.

In May of 2016, the circuit court held a sentencing hearing, during which petitioner argued for the imposition of probation. The circuit court found, based on his sex offender evaluation and pre-sentence investigation report, that petitioner would "be best served by correctional treatment in a correctional setting." The sex offender evaluation report indicated that petitioner admitted to the sexual contact with R.F. and blamed the victim for the abuse, stating that the victim "wanted it" and that he "caved to her advances because it [had] been a while since he felt the touch of a woman." The circuit court noted that placing petitioner on alternative sentencing would "depreciate the seriousness of the offense," particularly given that he blamed the victim for his conduct. Ultimately, the circuit court denied petitioner's requests and imposed a term of incarceration of ten to twenty years by order dated September 14, 2016. The circuit court also imposed forty years of supervised release. It is from the sentencing order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the proceedings below.

Petitioner first argues that the circuit court should have imposed an alternative sentence. In support of his argument, petitioner asserts that a variety of factors, including his poor health, "crime-free" lifestyle, and childhood trauma, among other issues, were not properly considered by the circuit court and that its sentencing order "unfairly disregards" this information. We do not agree. We have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 2, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009). Here, petitioner does not allege that his sentence is outside the bounds of the applicable statute or based on any impermissible factor. Indeed,

petitioner readily admits that West Virginia Code § 61-8D-5(a) allows for imposition of a term of incarceration between ten and twenty years.[2] Instead, petitioner argues that the discretion to impose an indeterminate sentence leads to unfair sentencing and to an effective "life sentence" for him because of his failing health.

This Court has stated that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981). We have recognized that "[a]rticle III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980). We have explained that

> [p]unishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper,* 172 W.Va. 266, 304 S.E.2d 851 (1983).

The test set forth in *Cooper* was further explained as follows:

The first [test] is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981):

---

[2]West Virginia Code § 61-8D-5(a) states, in relevant part, that

[i]f any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, . . . then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony and, upon conviction thereof, shall be imprisoned in a correctional facility not less than ten years nor more than twenty years . . . .

In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*Id.* at 272, 304 S.E.2d at 857. As previously explained by this Court, the second test charges that "a disproportionality challenge should be resolved by more objective factors which include the consideration of the nature of the offense, the defendant's past criminal history, and his proclivity to engage in violent acts." *State v. Broughton,* 196 W.Va. 281, 292, 470 S.E.2d 413, 424 (1996).

Petitioner maintains that the sentence imposed upon him shocks the conscience. We disagree. First, the ten to twenty year sentence imposed on petitioner does not shock the conscience of this Court. His crime was one of sexual abuse by a parent, guardian, custodian, or person in a position of trust, wherein he pled guilty to sexually abusing an eleven-year-old child he provided care to as a babysitter. Petitioner admitted to the sexual contact with the child and blamed her for the abuse. Given his decision to prey upon a child and the seriousness of the offense, we find that petitioner's ten to twenty year sentence does not shock the conscience.

For the foregoing reasons, the circuit court's September 14, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker